985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Lee GREER, Petitioner-Appellant,
v.
Peter DEMOSTHENES, et. al., Respondents-Appellees.
 No. 91-16663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie L. Greer, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Greer contends that the district court erred in holding that all of his claims raised in his habeas petitions were procedurally barred. A claim that is rejected by a state court on independent and adequate state procedural grounds is barred from federal habeas review unless the petitioner can establish cause for the procedural bar and prejudice by not having the claim addressed on the merits, or demonstrate a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 Here, the Nevada Supreme Court, on appeal from the denial of Greer's second state habeas petition, rejected all of the claims Greer raised in his federal habeas petition on the ground that he did not raise them in either his direct appeal or his previous state habeas petition. The district court ordered Greer to demonstrate cause and prejudice, to which Greer responded that he did not knowingly and deliberately bypass raising the claims earlier. This test, which was formerly the law under Faye v. Noia, 372 U.S. 391, 434, 438 (1963), has since been overruled. See Coleman, 111 S.Ct. at 2565. Greer has not demonstrated either cause and prejudice or a fundamental miscarriage of justice. Therefore, the district court was correct in holding that his claims were procedurally barred.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3